GEORGE MITTS v. HENRY McMORRAN.

[See 64 Mich. 664.]

*Statute of frauds—Promise to pay debt of another.*

This case is ruled in the main by the former opinion, reported in 64 Mich. 664, and was apparently tried upon the lines there laid down, and in accordance with the views of this Court as therein expressed.

Error to St. Clair. (Canfield, J.) Argued February 5, 1891. Decided February 27, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the former opinion, reported in 64 Mich. 664.

*P. H. Phillips*, for appellant.

*S. W. Vance*, for plaintiff.

LONG, J. This case has been once before in this Court, and is found reported in 64 Mich. 664. On the former trial the defendant had verdict and judgment under direction of the court, and a new trial was ordered. The case has again been tried by a jury, and the plaintiff had verdict and judgment. The defendant

now brings the case into this Court by writ of error. It will not be necessary to restate the facts out of which the controversy arises, as they are fully set forth in the former opinion by Mr. Justice CHAMPLIN.

The errors now relied upon by the defendant's counsel which we deem it necessary to notice relate principally to the refusal of the court to give certain requests in charge to the jury, and to the charge as given by the court. There is some claim made, however, that the court below was in error in permitting the plaintiff to show that other contracts had been assigned to the defendant by Mr. Boynton to secure his indebtedness; but it is claimed that that point was ruled by our former opinion, in which it was said:

"If he could show that such contracts were assigned, and that defendant collected or received anything thereon, it would be admissible to do so; but, if nothing was received from such sources, it would be immaterial to prove the assignment of other contracts."

The point now made is that no proof was offered to show that the defendant received any moneys from such other contracts except one made with the city of Dexter, and the moneys received thereon were credited to Mr. Boynton. The contention is that such proof had a tendency to prejudice the jury against the defendant.

We think there was no error in showing the circumstances surrounding the transaction between Boynton and the defendant in relation to the manufacturing of these ladders, or the circumstances under which the order was given by Boynton to the plaintiff upon the defendant; and, under the charge of the court, the defendant's interests could in no manner have been affected by the proof of the assignments of these contracts to the defendant, the claim being limited under the charge to moneys arising from the sale of ladders to the city of Pittsburgh.

It is also contended by counsel that the court was in error in permitting the plaintiff to testify that he never looked to Mr. Boynton for his pay after having given the order to defendant. There was no error in this. The claim of the plaintiff is that there were sufficient funds in the hands of the defendant to pay his claim outside of the defendant's bill which he could properly charge against the funds coming from the city of Pittsburgh, and, in view of that fact, he made no claim upon Boynton for his pay.

The defendant's counsel assigns error upon the refusal of the court to give his first, second, third, fourth, and fifth written requests in charge to the jury. These requests are as follows:

"1. It appears from the proofs in this case that the account for labor in favor of plaintiff is barred by the statute of limitations, and that the only cause of action which the plaintiff has, if he has any, is based upon the order that was written by Boynton to the plaintiff on the defendant.

"2. The order in itself would not constitute a cause of action unless accepted by the defendant, McMorran, and, as its acceptance was not in writing, any verbal promise to pay would be void under the statute of frauds, and the defendant is entitled to your verdict.

"3. It appears beyond question that the services rendered by plaintiff, Mitts, for Boynton were rendered on Boynton's individual credit, and were intended by Mitts as a charge against Boynton, and that there was at no time any agreement between plaintiff and defendant, or between plaintiff and Boynton, that Boynton should be released from liability. Mr. Mitts could not, by merely remaining silent, establish a liability on the part of Mr. McMorran, and thereby release Boynton; and as Mitts could, at any time up to the time his claim was barred by the statute of limitations, have brought suit against Mr. Boynton and recovered, he cannot, in the absence of any agreement whereby Boynton was released and McMorran became liable, recover against the defendant in this case.

"4. Under the terms of the order drawn by Mr. Boynton upon Mr. McMorran, the defendant could not in any event be held liable to Mr. Mitts for any money that came to his hands except the money received from the sale of the Pittsburgh ladders.

"5. The fact that Mr. Mitts relied upon the conversation he had with Mr. McMorran at the time he presented the order to him, if you could find it to be a fact, looking no longer to Boynton for the pay for the work he had performed, would not of itself be sufficient to entitle him to recover from the defendant in this case."

There was no error in refusing these requests. The first and fourth requests are fully covered by the charge of the court as given. The second, third, and fifth requests were fully covered by the former opinion of this Court, in which it is said that the defendant's—

"Promise to Mitts, at Boynton's request, was not a promise to pay Boynton's debt to Mitts, but a promise to Mitts to pay a debt which he owed to Boynton to him, so far as such surplus was concerned, to the extent of $62.30."

The defendant's counsel selects certain portions of the charge, and contends that the jury were given to understand that if the defendant promised to pay when he got the money from Pittsburgh, and the plaintiff relied upon that promise, the defendant would be liable, notwithstanding he did not receive enough money to pay the bills which were intended to be secured by that assignment. The charge, taken as a whole, is not open to this objection. The court expressly charged the jury:

"If Boynton assigned the contract to McMorran to secure all indebtedness from Boynton to him, and all advances made on his account, and the bills mentioned in the order to Mitts to be deducted frem the Pittsburgh money you should find mean all such advances, and McMorran only promised to pay Mitts in case there was sufficient for that purpose after so paying himself, and you find that McMorran's account against Boynton before

85 MICH.—7.

the date of the order, together with his reasonable expenses paid in collecting the money, was sufficient to cover the amount of money he received from the contract, then your verdict will be for the defendant."

Taking the charge as a whole, we are satisfied that the defendant's claim and defense was fairly submitted to the jury. The case was apparently tried upon the lines laid down in the former opinion, and in accordance with the views of this Court therein expressed. We find no error in the record.

The judgment must be affirmed, with costs.

The other Justices concurred.